```
                                                          FILED
                                                UNITED STATES DISTRICT COURT
                                                     DENVER, COLORADO
      IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLORADO              JUL 12 2011

                                                   GREGORY C. LANGHAM
Civil Action No. 11-cv-01586-BNB                                CLERK
```

J. FREDERICK NATHANIEL MASON III,

    Plaintiff,

v.

PRESIDENT BARACK OBAMA,
GOVERNOR JOHN HICKENLOOPER, and
MAYOR MICHAEL HANCOCK,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, J. Frederick Nathaniel Mason III, has filed *pro se* an amended civil rights complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Mason has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A factually frivolous claim is one in which the plaintiff asserts facts that are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court must construe the amended complaint liberally because Mr. Mason is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally and factually frivolous.

In the six-page amended complaint, Mr. Marquez contends that "the planet Earth is in the midst of a major natural disaster." Amended complaint at 2. He further contends that Defendants are "operating in their official capacities" to deny him "predisaster mitigation assistance." *Id.* at 3. As relief he asks for the Court "to compel the Defendants to immediately take sustained actions to reduce or eliminate further exposure to radiological hazards and other collateral effects of the obliquity decline." *Id.* at 6. In support of his amended complaint, he attaches a sixty-four-page document titled "Plaintiff's Testimony & Affidavit in Support of Claim," in which he makes assertions concerning his earliest memories as a 3-year-old child, his imprisonment in Texas and Colorado, the displacement of 3,000 wealthy people during the Boulder Ranch Creek fire in September 2010, and other apparently unrelated events.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." *Denton*, 504 U.S. at 33. Instead, it must be the kind of suit that "paying litigants generally do not initiate because

of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. A legally frivolous claim rests on "an indisputably meritless legal theory," such as claims against a defendant immune from suit or that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

Mr. Mason has sued President Barack Obama, a Defendant immune from suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). In addition, the claim Mr. Mason seeks to assert against Governor John Hickenlooper in his official capacity as governor for the State of Colorado is barred by the Eleventh Amendment because Mr. Mason is, in effect, suing the State of Colorado. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see*

*Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, any claim against Governor Hickenlooper in his official capacity is barred by the Eleventh Amendment, and must be dismissed.

For similar reasons, the claim Mr. Mason seeks to assert against Mayor Michael Hancock in his official capacity as mayor of the City and County of Denver is, in effect, against the City and County of Denver. *See Monell*, 436 U.S. at 690 n.55 (Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."). The City and County of Denver and its mayor cannot be held liable under a *respondeat superior* theory. *Id.* at 691. Municipalities and municipal entities, such as the City and County of Denver, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Id.* at 694; *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Mason has failed to do so. Therefore, his claim against Mayor Hancock must be dismissed.

The Court finds Mr. Mason's allegations that Defendants have denied him predisaster mitigation assistance are factually and legally frivolous because they are "wholly incredible," *Id.*, and because the claim rests on a meritless legal theory.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 12th day of July, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01586-BNB

J Frederick Nathaniel Mason III
3550 Milwaukee St
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 12, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk